UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CARLOS SANCHEZ,**

    Petitioner,

v.                                                        Case No. 8:19-cv-2415-CEH-TGW
                                                                             8:14-cr-425-CEH-TGW

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**ORDER**

Petitioner Carlos Sanchez moves under 28 U.S.C. § 2255 to vacate his conviction and sentence for possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 942(c)(1)(A).  (Civ. Docs. 1, 2, 10, 11)  Sanchez claims his § 924(c) conviction must be vacated under *Davis v. United States*, 139 S. Ct. 2319 (2019).  The United States opposes Sanchez's motion.  (Civ. Doc. 9)  Sanchez is entitled to no relief because his *Davis* claim is procedurally defaulted and lacks merit.

**I.**     **Background**

Sanchez pleaded guilty without a plea agreement to possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) (Count One), being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count

Three).  (Crim. Doc. 35)  He was sentenced to 160 months' imprisonment, which consisted of 100 months as to Counts One and Two and a consecutive term of 60 months as to Count Three. (Crim. Doc. 37)  Sanchez did not appeal.

## II. Discussion

Sanchez now moves to vacate his § 924(c) conviction in light of *Davis v. United States*, 139 S. Ct. 2319 (2019), which invalidated § 924(c)(3)(B)'s residual clause relating to crimes of violence.  This claim is procedurally defaulted.

"[A] collateral challenge may not do service for an appeal."  *United States v. Frady*, 456 U.S. 152,164–65 (1982).  "Once the defendant's chance to appeal has been waived or exhausted," courts "are entitled to presume that [the defendant] stands fairly and finally convicted."  *Id.*  As a result, claims that previously were available yet were not raised in a prior proceeding are procedurally defaulted and ordinarily are barred from consideration on collateral review.  *Bousley v. United States*, 523 U.S. 614, 622–24 (1998).

Sanchez did not challenge § 924(c) as unconstitutional either at sentencing or on direct appeal.  Consequently, his claim is procedurally defaulted.  *Wainwright v. Sykes*, 433 U.S. 72, 85–86 (1977) (claim defaulted when no contemporaneous objection was lodged at trial); *Murray v. Carrier*, 477 U.S. 478, 490–92 (1986) (claim not raised on direct appeal is procedurally defaulted).

The exceptions to the procedural default rule are: "(1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence."  *McCay v. United States*,

657 F.3d 1190, 1196 (11th Cir. 2011). To establish cause and prejudice Sanchez must show (1) that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), and (2) that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170.

As cause for excusing his procedural default, Sanchez contends that *Davis* announced a new substantive decision not previously available. (Civ. Doc. 2 at 2) However, a *Davis* challenge to a § 924(c) conviction—like Sanchez's—is not sufficiently novel to establish cause. *Granda v. United States*, 990 F.3d 1272, 1288 (11th Cir. 2021); *Aviles v. United States*, No. 21-13303, 2022 WL 1439333, at *2 (11th Cir. Feb. 9, 2022) ("*Davis* claims are not novel in the sense necessary to excuse procedural default.").

As a result, Sanchez can only excuse his procedural default if he demonstrates his actual innocence. *Bousley*, 523 U.S. at 622–23. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id*. at 623. "To establish actual innocence, [the] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Granda*, 990 F.3d at 1292 (quotation omitted).

Sanchez asserts that he is innocent of the § 924(c) offense because he did not possess the firearm "in furtherance of" the drug crime, but rather "[t]he drug crime occurred later after the police arrived and searched [his] vehicle." (Civ. Doc. 10 at 4)

3

This assertion is not one of factual innocence but of legal innocence. Therefore, he is not excused from his procedural default.

Even if Sanchez's *Davis* claim were not procedurally defaulted, the claim lacks merit. Collateral relief for a *Davis* claim is proper "'only if the . . . court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the . . . verdict.'" *Granda*, 990 F.3d at 1292 (quoting *Davis v. Ayala*, 576 U.S. 257, 267–68 (2015)). "Put another way, the court may order relief only if the error 'resulted in actual prejudice.'" *Id*. (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

Sanchez's reliance on *Davis* is misplaced. *Davis* invalidated only § 924(c)(3)(B)'s residual clause relating to crimes of violence. The predicate offense underlying Sanchez's § 924(c) conviction was a drug trafficking crime—not a crime of violence that could implicate *Davis*. The drug trafficking crime he pleaded guilty to in Count One is a felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and remains a valid § 924(c) predicate offense. *See In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) ("[I]t is apparent from the record that Navarro's § 924(c) conviction is fully supported by his drug-trafficking crimes, and it therefore is outside the scope of *Davis*.").

Sanchez admitted facts from the presentence investigation report that established he committed the drug trafficking crime charged in Count One and carried a firearm during and in relation to that drug trafficking crime, as charged in Count Three.

Crim. Doc. 41 at 5–10; *see United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of the circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes."). Specifically, the presentence investigation report established that when the victim emerged from a hotel room, Sanchez pointed a handgun at the victim and stated, "give it all up." (Crim. Doc. 33 at ¶ 10) Law enforcement later discovered in Sanchez's vehicle methamphetamine, cash, and the handgun. (*Id*. at ¶ 12) Sanchez "admitted that the methamphetamine in his vehicle belonged to him, that he was selling methamphetamine so he could buy a house, and that the money in his vehicle was the proceeds of drug sales." (*Id*. at ¶ 13) In light of Sanchez's admission to facts supporting both Counts One and Three, there is no "grave doubt" that his § 924(c) conviction rested on an invalid predicate, and he was not prejudiced.

Sanchez erroneously relies on the now-obsolete Comprehensive Crime Control Act of 1984 and its legislative history to argue that only crimes of violence constitute proper § 924(c) predicate offenses. *See United States v. Cruz*, 805 F.2d 1464, 1470 (11th Cir. 1986) (explaining that, in 1984, section 924(c) convictions applied "only to those who engaged in a crime of violence"). (Civ. Doc. 2 at 2) Sanchez was charged on October 8, 2014, with violating 18 U.S.C. § 924(c)(1)(A), which plainly criminalizes the possession of a firearm during and in relation to "any crime of violence or drug trafficking crime." (Crim. Doc. 5)

In his supplement to his § 2255 motion, Sanchez refers to the "ineffective assistance of his attorney in advising him to plea[d] guilty." (Civ. Doc. 10 at 6) This

5

is Sanchez's first and only reference to counsel's performance. Therefore, a claim of ineffective assistance of counsel is not properly before the district court. *See Prada v. United States*, 692 F. App'x 572, 574 (11th Cir. 2017) (affirming the district court's refusal to consider a new issue raised in a reply brief). New claims raised in a supplemental brief are barred even when the petitioner is proceeding without counsel. *Enriques v. United States*, 416 F. App'x 849, 850 (11th Cir. 2011) ("Although pro se pleadings are construed more liberally than those filed by counsel, . . . issues not argued by a pro se litigant in his initial brief are deemed waived.").

An evidentiary hearing is not required if the § 2255 motion "and the files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255(b). Because the record conclusively demonstrates that Sanchez's claims are without merit, no evidentiary hearing is required. *Ramirez v. United States*, 260 Fed. App'x 185, 187 (11th Cir. 2007) (citing *Smith v. Singletary*, 170 F.3d 1051, 1053–54 (11th Cir 1999)).

### III.   Conclusion

Sanchez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**. The Clerk is directed to enter judgment against Sanchez, to close this case, to enter a copy of this order in the criminal action, and to terminate the motion at docket entry 39 in the criminal action.

Sanchez is not entitled to a certificate of appealability. To obtain a certificate of appealability, the petitioner must show that reasonable jurists would find debatable

both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because Sanchez fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, he is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, this 30th day of November, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Pro Se Petitioner
Counsel of Record